**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| MARK ANTHONY BRAMLETT, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 4:09-CV-44-CDL-GMF |
| | * | 42 U.S.C. § 1983 |
| JONATHAN MEMMO, *et al.*, | * | |
| | * | |
| Defendants. | * | |

**REPORT AND RECOMMENDATION**

Before the Court is the Motion to Dismiss of Defendants Jonathan Memmo, James Price, Sarah Lee, Sergeant Ricky Stinson, Agent Ellerbee and Agent Loyless. (R-28). Plaintiff was notified of his right to respond, and said Response was filed on July 6, 2009. (R-30, 31).

**LEGAL STANDARD FOR MOTION TO DISMISS**

The United States Supreme Court altered the standard for a Motion to Dismiss in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). The Court of Appeals for the Eleventh Circuit addressed the new standard in *Financial Sec. Assur., Inc. v. Stephens, Inc.*, stating:

> In order for a plaintiff to satisfy his "obligation to provide the grounds of entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (May 21, 2007) (citations and quotations omitted). Stated differently, the factual allegations in a complaint must "possess enough heft" to set forth "a

> plausible entitlement to relief," 127 S. Ct. at 1966-67. Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of the claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir., Unit A Sept. 8, 1981)).

500 F.3d 1276, 1282-83 (11th Cir. 2007). In ruling on a motion to dismiss for failure to state a claim, the analysis "is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1368 (11th Cir. 1997). The Court must "constru[e] the complaint in the light most favorable to the plaintiff and accept [] as true all facts which the plaintiff alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). Nevertheless, if a complaint does not include sufficient factual allegations "to raise a right of relief above the speculative level" and "to raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claim or claims, then the complaint must be dismissed. *Watts v. Fla. Int'l Univ,* 495 F.3d 1289, 1295-96 (11th Cir. 2007) (citing *Twombly*, 127 S. Ct. at 1965).

## FACTUAL BACKGROUND

On April 27, 2009, Plaintiff filed this 42 U.S.C. § 1983 suit against the named Defendants. (R-1). In his *pro se* complaint, Plaintiff alleges that, in violation of the Fourth Amendment, police allowed media attendance at the execution of a search warrant in Plaintiff's home on October 4, 2005. (R-1). Plaintiff alleges that, subsequently, the

Columbus Ledger-Enquirer published the photos.  *Id.*  The relief sought by Plaintiff includes compensatory and punitive damages.  *Id.*  Because Plaintiff's Complaint is untimely, it is recommended that this case be dismissed.

## DISCUSSION

Although 42 U.S.C. § 1983 does not contain a statute of limitations, the United States Court of Appeals for the Eleventh has held that "[a]ll constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought."  *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citing *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S. Ct. 1938, 1946-47 (1985)).  This case was brought in Georgia and is governed by the two-year personal injury limitations period set forth by O.C.G.A. § 9-3-33.  *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987).  Federal law governs when a Section 1983 action accrues, and the applicable limitations period begins to run when "**the facts** which would support a cause of action are apparent or should be apparent to a person with reasonably prudent regard for his rights."  *Id.* (citations and quotations omitted) (emphasis added).

Here, Plaintiff alleges that the acts in question occurred on October 4, 2005, when members of the Columbus Metro Narcotic Task Force executed a search warrant in Plaintiff's home accompanied by media members who took pictures over Plaintiff's objection.  (R-1).  Plaintiff alleges that, approximately two weeks later, the Columbus Ledger-Enquirer published the pictures accompanied by a news story.  *Id.*  Thus, the two

year period for the statute of limitations began to run on October 4, 2005, and ended on October 4, 2007.[1] Plaintiff filed his complaint on April 27, 2009, over one and a half years after the statute of limitations expired. Therefore, Plaintiff's complaint is barred by the applicable statute of limitations.

Plaintiff's contention that the statute of limitations began to run on March 1, 2009, when Plaintiff researched the law at his place of imprisonment and became aware that his rights had been violated, is without merit. (R-31). The Eleventh Circuit has held that a cause of action accrues when "the plaintiff knows or has reason to know he has been injured" and "is aware or should have been aware who has inflicted the injury." *Mullinax*, 817 F.2d at 716. Plaintiff knew of his injury and who inflicted the injury at the time of search and seizure.

Further, the liberal construction that is granted *pro se* litigants in filing their complaints does not mean that they are allowed lack of compliance with deadlines that are imposed by law. "Liberal construction does not mean liberal deadlines." *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999).

---

[1] Defendants contend and this Court agrees that, at the latest, the statute of limitations began to run on or about October 18, 2005, when the pictures of the events at issue were published, and expired on October 18, 2007. Measured by this later time, Plaintiff's Complaint is still untimely.

WHEREFORE, IT IS HEREBY RECOMMENDED that the current Complaint be DISMISSED as frivolous and for failing to state a claim upon which relief may be granted. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

SO ORDERED AND RECOMMENDED, this 24th day of July, 2009.

>S/ G. MALLON FAIRCLOTH
>UNITED STATES MAGISTRATE JUDGE

lml